**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **DUSTIN RAMSEY AND WIFE,** § | | |
| **BIANCA RAMSEY,** | | |
|     **Plaintiffs** | | |
| | | |
| **VS.** § | | **NO: 2:12-cv-501** |
| | | **(JURY)** |
| **TANMAR RENTALS, LLC., and** | | |
| **JUSTIN FUNDERBURKE,** | | |
|     **Defendants** § | | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now **DUSTIN RAMSEY ("RAMSEY") and wife, BIANCA RAMSEY ("BIANCA"), Plaintiffs**, and file this, their Original Complaint, complaining of **TANMAR RENTALS, LLC, ("TANMAR"), and JUSTIN FUNDERBURKE ("FUNDERBURKE"), Defendants**, and in support thereof, would respectfully show the Court the following, to-wit:

1.  Plaintiffs are citizens of the State of Texas.

2.  Defendant, TANMAR, is a for profit business with its principle place of business and state of incorporation in the State of Louisiana. Defendant may be served with summons by serving its registered agent, Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

Defendant, JUSTIN FUNDERBURKE, may be served at 10168 Lalaurie Lane, Keithville, Louisiana 71047.

3.  The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332, and all plaintiffs and all defendants are residents and citizens of different states; therefore, this court has jurisdiction.

4. This court has venue because the incident giving rise to this action occurred in the Eastern District of Texas, these defendants regularly conduct business in the Eastern District of Texas, Marshall Division, and maintain operations in the Eastern District of Texas, Marshall Division. In addition, the defendant, TANMAR, maintains a regular place of business in Louisiana, and fact witnesses to matters potentially in controversy reside in the northwest portion of Louisiana, all of which are in the subpoena jurisdiction of this honorable court as they are within 100 miles of said court.

5. On or about August 20, 2012, plaintiff, DUSTIN RAMSEY, was traveling in an easternly direction on U. S. Highway 84, west of the City of Rusk, Cherokee County, Texas. RAMSEY had stopped, awaiting oncoming traffic to clear, in order to make a left turn. A Ford F250 pickup owned by TANMAR and driven by FUNDERBURKE was traveling in the same direction as the vehicle driven by RAMSEY. The TANMAR vehicle was behind the RAMSEY vehicle on the roadway and violently rammed into the rear of the RAMSEY vehicle.

6. At all times pertinent to this lawsuit, FUNDERBURKE was in the course and scope of his employment or agency relationship with defendant, TANMAR, and plaintiffs invoke the *Doctrine of Respondeat Superior*.

7. On the occasion in question, defendant's driver, FUNDERBURKE, operated his vehicle in a negligent manner. He violated the duty he owed to plaintiffs to exercise ordinary care in the operation of his motor vehicle by, *inter alia*, failing to keep a proper lookout; failing to maintain an assured clear distance between his vehicle and that of the vehicle in front of him; in failing to turn his vehicle so as to avoid a collision; and in failing to properly apply his vehicle's brakes so as to avoid the collision in question.

8. As a direct and proximate result of the previously described negligence of the defendants, DUSTIN RAMSEY suffered injuries to his body which were proximately caused by the negligence of FUNDERBURKE, which negligence is imputed to his employer, TANMAR, by the *Doctrine of Respondeat Superior*.

9(a) As a result of his injuries, RAMSEY, has suffered:

    a. Physical pain and mental anguish incurred in the past;

    b. Physical pain and mental anguish that will, in all reasonable probability, be incurred in the future;

    c. Medical, hospital, pharmaceutical and other health care expenses incurred in the past;

    d. Medical, hospital, pharmaceutical and other health care expenses that will, in all reasonable medical probability, be incurred in the future;

    e. Scarring to the physical person in the past;

    f. Scarring to the physical person that will, in all reasonable probability, be incurred in the future;

    g. Physical impairment in the past; and

    h. Physical impairment which will, in all reasonable probability, be incurred in the future.

    i. Expenses related to attendant health care and life care incurred in the past;

    j. Expenses related to attendant health care and life care that will, in all reasonable medical probability, be incurred in the future.

    k. Loss of the enjoyment of life;

    l. Loss of the enjoyment of life that will, in all reasonable medical probability, be incurred in the future;

    m. Loss of earnings in the past; and

    n. Loss of earning capacity that will, in all reasonable probability, be incurred in the future.

9(b).   BIANCA, wife of RAMSEY, has suffered damages as a result of the personal injuries to her husband.  Those elements of damage are:

    a.    Loss of consortium incurred in the past;

    b.    Loss of consortium that will, in all reasonable medical probability, be incurred in the future;

    c.    Attendant healthcare rendered by Bianca to her husband in the past; and

    d.    Attendant healthcare that will, in all reasonable medical probability, be rendered in the future by her to her husband.

9(c).   It is alleged that the damages of each individual plaintiff exceeds the sum of $100,000.00

9(d).   Plaintiffs further request an award of interest upon damages awarded herein at the highest rate allowed by law, both prior to and subsequent to judgment.

## REQUEST FOR JURY TRIAL

10.   Plaintiffs respect fully request a trial by a jury of their peers.

WHEREFORE, PREMISES CONSIDERED, plaintiffs pray that defendants be cited to appear and answer, and that upon final trial, plaintiffs recover a judgment against the defendant for the damages, pre-judgment and post-judgment interest, all costs of court in this behalf expended, and for such other and further relief to which plaintiffs may be justly entitled, general and special, at law and at equity.

Respectfully submitted,

AMENT ★ PEACOCK
406 East Commerce Street
P. O. Drawer 751
Jacksonville, Texas 75766
903/586-7338 (facsimile)
903/586-3561 (telephone)
johnament@hotmail.com


By:     /s/ John S. Ament
John S. Ament
State Bar No. 01145000